**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000815
08-JUN-2020
07:47 AM**

NO. CAAP-18-0000815

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
CHRISTOPHER L. BUTLER, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
HAMAKUA DIVISION
(CASE NO. 3DCW-18-0002360)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Chan and Hiraoka, JJ.)

Defendant-Appellant Christopher L. Butler (Butler) appeals from the Judgment and Notice of Entry of Judgment (Judgment), entered by the District Court of the Third Circuit, Hamakua Division (District Court)[1] on September 20, 2018. The District Court convicted Butler of Harassment, in violation of Hawaii Revised Statutes (HRS) § 711-1106(1)(b) (2014).[2]

---

[1] The Honorable Mahilani Hiatt presided.

[2] HRS § 711-1106(1)(b) states:

**§ 711-1106 Harassment.**
(1) A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person:

. . .

(b) Insults, taunts, or challenges another person in a manner likely to provoke an immediate violent

On appeal, Butler argues that (1) there was insufficient evidence to convict him, and (2) the District Court applied the incorrect state of mind requirement under HRS § 711-1106(1)(b).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Butler's point of error as follows:

(1) When the evidence adduced at trial is considered in the strongest light for the prosecution, State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007) (Matavale), there was sufficient evidence to support Butler's conviction for Harassment. Based on the complaining witness's testimony, which the District Court found to be credible, it appears Butler insulted, taunted, or challenged the complaining witness in a manner that would cause the complaining witness to reasonably believe that Butler intended to cause bodily injury to others or property damage. After the complaining witness and another worker informed Butler that the senior citizen center was closed, the complaining witness escorted Butler out, at which time Butler turned and said, "You keep being closed like this you'll get shot."[3] The complaining witness testified that she was shaken by the incident and concerned about the safety of senior citizens whom the center serves.

In criminal cases, "proof of circumstantial evidence and reasonable inferences arising from circumstances surrounding the act is sufficient to establish the requisite intent. Thus, the mind of an alleged offender may be read from his acts, conduct, and inferences fairly drawn from all of the

---

response or that would cause the other person to reasonably believe that the actor intends to cause bodily injury to the recipient or another or damage to the property of the recipient or another[.]

[3] The other worker at the senior center also testified that she overheard Butler's statement.

circumstances."  State v. Calaycay, 145 Hawaiʻi 186, 200, 449 P.3d 1184, 1198 (2019) (citation omitted).  When viewed in the light most favorable to the prosecution, Matavale, 115 Hawaiʻi at 157–58, 166 P.3d at 330–31, the evidence adduced at trial supports the inference that Butler acted with the "intent to harass, annoy, or alarm" the complaining witness.  HRS § 711-1106(1).  As such, we hold there was sufficient evidence to support Butler's conviction.

(2)  However, it appears the District Court applied the wrong state of mind test to Butler's Harassment conviction.  The express *mens rea* requirement of HRS § 711-1106(1)(b) is the "intent to harass, annoy, or alarm any other person[.]"  In stating its findings, the District Court commented, in relevant part:

> Um, <u>I agree that a statement like that, uh, is intended to, uh, if not to taunt, certainly to challenge, and that's how the Court finds that, uh, that statement was made.</u>  I -- I -- I don't think just saying "you're -- you're gonna be shot", uh, I don't think you need to say, "I'm going to shoot you" or "the neighbor's going to shoot you", uh, in order for the statement to then cause a reasonably be -- have the person reasonably believe that there's going to be, uh, some type of damage or bodily injury.
>
> So with respect to, uh, the 711-1106(b), the Court does, uh, find you guilty, sir.

(Emphasis added.)

The District Court's reference that Butler's statement was "intended to" taunt or challenge misstates the statute's *mens rea* requirement.  While the prohibited conduct under the statute includes "insults, taunts, or challenges," such conduct must also be made with the "intent to harass, annoy or alarm."  HRS § 711-1106(1)(b).  The record does not contain any further statements otherwise indicating that the District Court applied the correct statutory *mens rea* requirement.  It thus appears the District Court misapplied the law in assessing Butler's state of mind.

As the District Court did not make any definitive finding that Butler did not act with the necessary *mens rea*, and because there was sufficient evidence at trial to sustain the

charge, the appropriate remedy is a new trial.  See State v. Pesentheiner, 95 Hawaiʻi 290, 301, 22 P.3d 86, 97 (App. 2001).

Therefore,

IT IS HEREBY ORDERED that the Judgment entered by the District Court on September 20, 2018 is vacated and the case is remanded for a new trial.

DATED:  Honolulu, Hawaiʻi, June 8, 2020.


On the briefs:                    /s/ Lisa M. Ginoza
                                  Chief Judge
Leneigha S. Downs,
Deputy Prosecuting Attorney,
County of Hawaiʻi,                /s/ Derrick H. M. Chan
for Plaintiff-Appellee.           Associate Judge

Teal Takayama,
Deputy Public Defender,           /s/ Keith K. Hiraoka
for Defendant-Appellant.          Associate Judge

4